IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TOBY JAY MAYES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:12-CV-247 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

# REPORT AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Petitioner TOBY JAY MAYES has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 181st Judicial District Court of Randall County, Texas, for the offense of driving while intoxicated. For the reasons set out hereafter, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

In May 2012, petitioner was indicted in Randall County, Texas, for driving while intoxicated. (State Habeas Corpus Record, doc. 14 [hereinafter SHCR], pgs. 92-93 (181 Disc. Ct., May 24, 2012)). The Indictment contained two jurisdictional enhancement paragraphs and two habitual offender enhancement paragraphs. *Id.* Petitioner pled guilty to the Indictment (*Id.*, pgs. 95-98), was

found guilty, and, in accordance with the plea agreement,[1] was sentenced to five years in prison. (*Id.*; *id.* at 104). Petitioner did not appeal the Judgment. He did, however, file a state application for a writ of habeas corpus, which was denied without written order on October 24, 2012. *Ex parte Mayes*, No. WR-78,325-01. This federal habeas corpus petition followed.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner appears to contend respondent is holding him in violation of the Constitution and laws of the United States for the following reasons:

1. The trial court lacked jurisdiction to punish petitioner's misdemeanor driving while intoxicated offense as a third-degree felony offense.

2. Petitioner's guilty plea was involuntary and unknowing.

3. Petitioner is actually innocent of the offense.

4. Petitioner received ineffective assistance of counsel.

## III.
## STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act, a petitioner may not obtain habeas corpus relief in federal court with respect to any claim adjudicated on the merits in the state court proceedings unless the adjudication of the claim resulted in a decision contrary to clearly established federal constitutional law or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d).

---

[1] Although not addressed by either party, the Court notes petitioner agreed to plead guilty to the DWI charge, plead true to the two jurisdictional enhancement paragraphs, and plead true to one of the two habitual offender enhancement paragraphs (with the other enhancement paragraph waived by the State). (SHCR at 95). If the prior DWI jurisdictional enhancements elevated the primary offense to a third degree felony, then it would seem one habitual resulting offense would be punished as a *second-degree* felony, with a special punishment range of twenty-five to ninety-nine years' incarceration. (*Id.*). The ultimate Judgment, however, and for reasons not revealed by the record before the Court, reflects petitioner was sentenced for a third-degree felony. (*Id.* at 104).

The Texas Court of Criminal Appeals heard and adjudicated, on the merits, the claims petitioner Mayes presents in his federal habeas corpus petition when it denied petitioner's application for state habeas relief without a written order. *Ex parte Mayes*, No. WR-78,325-01; *see Harrington v. Richter*, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Petitioner's burden before this Court is significantly heightened in that petitioner cannot prevail even if he shows the state court's determination was incorrect. Petitioner must also show the state court unreasonably applied federal law or made an unreasonable determination of the facts. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002).

Petitioner has failed to meet this burden. Rather than explaining why the state court's determination was unreasonable, petitioner merely restates and reurges the grounds he presented to the state court. He has not established the state court unreasonably applied federal law or made an unreasonable determination of the facts. *See id.* In fact, there is nothing in the record or in petitioner's arguments to support a contention that the state court decision was unreasonable and the federal petition is subject to denial on that basis. Lastly, review of petitioner's claims confirms this petition should be denied.

IV.
MERITS OF PETITIONER'S ALLEGATIONS

Even if an adequate showing had been made to overcome the AEDPA threshold, petitioner's claims would still fail.

*A. Enhancement of the Conviction*

In his first, and primary, ground, petitioner contends the trial court lacked jurisdiction to punish his misdemeanor driving while intoxicated (DWI) offense as a third-degree felony offense. Petitioner was convicted of DWI pursuant to section 49.04 of the Texas Penal Code, which allows

what is normally a misdemeanor offense to be enhanced upwards upon a showing of past convictions for DWI. (SHCR at 104). The Indictment to which petitioner pled guilty contained two jurisdictional enhancements for convictions out of Mesa County, Colorado on February 5, 1986, one for driving under the influence (DUI) and another for driving while ability impaired (DWAI). (*Id.* at 34).

Petitioner emphasizes the language in the Texas statute allowing enhancement of a DWI offense if the defendant has been previously convicted of "any other offense relating to the operating of a motor vehicle *while intoxicated*." *See* Tex. Pen. Code Ann. § 49.09(b)(2) (emphasis added). Petitioner's contention is that:

> Since Applicant was a minor at the time of the alleged offense of driving while ability impaired in Colorado, and the offense did not constitute the level to be a Texas statutory charge equivalent to Driving While Intoxicated, it was improper to use this charge to enhance Applicant's charge of D.W.I. in Cause No. 21150-B to a felony offense . . .

("Memorandum of Law in Support of Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2254," [hereinafter "Memo in Support"], doc. 4, pg. 2 (Nov. 26, 2012)).

A conviction for driving while intoxicated under section 49.04 of the Texas Penal Code is a Class B misdemeanor without any enhancement. Tex. Pen. Code Ann. § 49.04(b) (Vernon 2011). If, however, the "person has previously been convicted *one time* of an offense relating to the operating of a motor vehicle while intoxicated," the offense is enhanced to a Class A misdemeanor. *Id.* § 49.09(a). If "the person has previously been convicted . . . *two times* of any other offense relating to the operating of a motor vehicle while intoxicated," the offense is enhanced to a third-degree felony. *Id.* § 49.09(b)(2).

Both petitioner's Colorado convictions for DUI and DWAI were used to enhance his Texas

DWI offense to a third degree felony. Petitioner does not contest the use of the Colorado DUI conviction for enhancement purposes.[2] He does, however, contest the use of the Colorado DWAI conviction to enhance his Texas DWI offense. With only the Colorado DUI conviction, petitioner's Texas DWI offense would have been enhanced to a Class A misdemeanor. With the addition of the DWAI offense, however, the Texas DWI was enhanced to, and punished as, a third-degree felony.

The Court first notes petitioner's assertion that his age at the time of the offense impacted the classification of the DWAI charge is factually incorrect. In his argument, petitioner relies upon a portion of the Colorado Revised Statute that was not enacted until 1997, more than a decade after petitioner's conviction. *See* "Motor Vehicles–Underage Persons Driving with Alcohol Content–Traffic Infraction," 1997 Colo. Legis. Serv. H.B. 07-1301, § 12, sec. 42-4-1301 (approved June 3, 1997, effective July 1, 1997). At the time of petitioner's conviction, there were no special provisions regarding the age of the convicted person at the time of the offense. *See* Colo. Rev. Stat. § 42-4-1202 (1984).[3]

Regardless of the accuracy of petitioner's argument, any issue as to whether prior

---

[2] Petitioner initially argued "the prior convictions from Colorado do not rise to the level of driving while intoxicated in the State of Texas." ("Memorandum of Law in Support of Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2254," doc. 4, pg. 6 (Nov. 26, 2012)). In his later pleadings, however, petitioner conceded the Colorado offense of DUI *was* available for enhancement under Texas law, but maintained the DWAI offense was not available for enhancement. ("Petitioner's Supplement to §2254 Writ of Habeas Corpus," doc. 12, pg. 1 (Feb. 4, 2013); "Petitioner's Response to Respondent Thaler's Answer with Brief in Support," doc. 21, pg. 4 (May 20, 2013)).

[3] According to documents submitted by petitioner, petitioner was found guilty of violating statute 42-4-1202(1A) and (1B) in Colorado in December 1985. At that time, statute 42-4-1202 of Colorado Revised Statutes mandated,

> (1)(a) It is a misdemeanor for any person who is under the influence of intoxicating liquor to drive any vehicle in this state.
> (b) It is a misdemeanor for any person to drive any vehicle in this state while such person's ability to operate a vehicle is impaired by the consumption of alcohol.

Colo. Rev. Stat. § 42-4-1202 (1984) (recodified at Colo. Rev. Stat. § 42-4-1301). Under that statute, if a person's breath alcohol content was at 0.10 or more, it was presumed the person was driving under the influence of alcohol. *Id.* (2)(c). Furthermore, if a person's breath alcohol content was in excess of 0.05 but less than 0.10, it was presumed the person was driving while his ability was impaired by the consumption of alcohol. *Id.* (2)(b).

convictions meet the Texas enhancement provisions is a matter of state law. It is not one of federal concern. *See Gabel v. McCotter*, 806 F.2d 1257, 1258 (5th Cir. 1986) (holding a petitioner's contention that "a federal offense was improperly used to enhance his state sentence is purely an evidentiary matter of state law not subject to federal habeas review"); *Rubio v. Estelle*, 689 F.2d 533, 536 (5th Cir. 1982) (holding the question of the propriety of a sentence enhancement "is purely a question of state criminal procedure and does not present an issue cognizable in a federal habeas corpus action"). As such, any challenge to the use of the Colorado convictions for enhancement is not cognizable on federal habeas review by this Court. *See Gabel*, 806 F.2d at 1258; *Rubio*, 689 F.2d at 536.

To the extent petitioner claims the state court lacked jurisdiction to issue judgment, the Texas Court of Criminal Appeals addressed this issue in a different case:

> The indictment in this case alleged misdemeanor DWI, enhanced to a felony by two prior DWI convictions. This *pleading* invoked the jurisdiction of the district court for the felony that was alleged, and that jurisdiction extended to the misdemeanor offenses that were included in the indictment. The extension of the court's jurisdiction is provided by Article 4.06 of the Code of Criminal Procedure:
>
> 4.06. When felony includes misdemeanor
> Upon the trial of a felony case, the [district] court shall hear and determine the case as to any grade of offense included in the indictment, whether the evidence shows a felony or a misdemeanor.
>
> . . . Because of Article 4.06, the district court had jurisdiction of the misdemeanor DWI offense of which the applicant admits being guilty.

*Ex parte Sparks*, 206 S.W.3d 680, 682 (Tex. Crim. App. 2006). This case law, along with the cited Texas statute, gave the trial court jurisdiction over petitioner Mayes's case, and this Court will not revisit that determination. *See Liner v. Phelps*, 731 F.2d 1201, 1203 (5th Cir. 1984) (holding the question "as to whether a state trial court was deprived of jurisdiction . . . is a question foreclosed

to a federal habeas court"). More importantly, by denying his habeas corpus application, the Texas Court of Criminal Appeals held that the trial court had jurisdiction to adjudicate the case. *See Alexander v. McCotter*, 775 F.2d 595, 599 (5th Cir. 1985) ("The Texas Court of Criminal Appeals has not only refused to hear this case upon a discretionary review on direct appeal, but has also denied a writ for habeas corpus . . . By refusing to grant the appellant relief . . . the Texas Court of Criminal Appeals has necessarily, though not expressly, held that the Texas courts have jurisdiction and that the indictment is sufficient for that purpose"). Petitioner's challenge to that determination is not cognizable in these proceedings. *See id.*; *Liner*, 731 F.2d at 1203.

Moreover, petitioner pled true to the enhancements containing the Colorado convictions. (SHCR at 98). By doing so, he waived the arguments that the trial court lacked jurisdiction to punish petitioner's offense as a third degree felony. *See Kemph v. Estelle*, 621 F.2d 162, 163 (5th Cir. 1980) (holding "[t]he guilty plea and stipulation prevent petitioner from raising an independent claim relating to the prior conviction") (citing *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973) ( "[A] valid plea of guilty to the habitual offender-enhancement charge is a waiver of any complaints concerning those prior convictions set out in the enhancement charge.")). Consequently Mr. Mayes's failure to object to use of the Colorado DWAI conviction amounted to a waiver of the constitutional error alleged here and limits petitioner to challenging the voluntariness of his plea. *See id.* To the extent it would be possible to challenge a guilty plea by arguing it was involuntary because petitioner would not have pled guilty had he known the trial court lacked jurisdiction, such an argument has not been presented by petitioner in this ground. Petitioner has failed to present a cognizable claim in his first ground.

### B. *Validity of the Guilty Plea*

Petitioner's second ground is entitled, "Applicant's Plea of Guilty was Involuntarily and Unknowingly Entered due to Trial Counsel's Erroneous Advice and Her Failure to Investigate the Facts and the Law in His Case." (Memo in Support, doc. 4, pg. 12). Although referencing the voluntariness of the plea, the actual discussion of this claim challenges trial counsel's failure to investigate whether petitioner's Colorado convictions qualified to be used for enhancement (discussed in section IV.D, below) and whether the trial court had jurisdiction over the case (which issue was discussed in section IV.A above). The Court will discuss, in this section, this claim as one against the guilty plea itself. Since it appears petitioner is primarily contending he relied upon counsel's advice to him regarding the availability of petitioner's two prior Colorado convictions for DUI and DWAI for enhancement purposes, which advice he contends was incorrect, as rendering this plea involuntary, that claim is analyzed in the section of this Report and Recommendation addressing ineffective assistance of counsel.

A federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary, and intelligent. *See United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007). While a defendant must be informed of the consequences of his plea, "the defendant need only understand the direct consequences of the plea; he need not be made aware of every consequence that, absent a plea of guilty, would not otherwise occur" *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002). "The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged. As long as the defendant understood the length of the time he might possibly receive, he was fully aware of his plea's consequences." *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir.1990), cert. denied,

498 U.S. 1093 (1991).

In this case, the record contains written plea papers which contain information regarding the range of potential punishment (of twenty-five to ninety-nine years' incarceration) as well as several admonishments of the consequences of the plea. (SHCR at 95-98). Petitioner's trial attorney and the trial court reviewed these admonishments and waivers with petitioner. (*Id.* at 98-100). Petitioner's own signature appears directly below the statement, "The defendant understands the warning and information set out above and is aware of the consequences of this plea." (*Id.* at 98). Petitioner's signature likewise appears beneath the statement he was entering into the plea agreement "freely, knowingly, and voluntarily." (*Id.*).

Since petitioner discussed the Colorado convictions with is lawyer it does not appear he is claiming he was unaware the Colorado convictions were available for enhancement purposes. In any event, he has not alleged any facts establishing that he was unaware of the maximum potential sentence he faced if he chose to plead guilty. Nor has petitioner alleged any facts establishing he was unaware of the range of sentence which could be imposed upon him pursuant to his plea agreement. To the contrary, the plea documents petitioner executed as part of his plea agreement affirmatively establish petitioner was aware of the maximum sentence he could receive if he chose to plead guilty. (SHCR 95). In fact, petitioner's plea documents establish beyond any doubt petitioner received the exact the sentence for which he bargained, i.e., five years. (*Id.* at 95, 104). Petitioner alleges no facts suggesting he did not understand the plain meaning of the language in his plea documents when he signed them, and by his signature on these documents, petitioner acknowledged he understood the admonishments, was aware of the consequences of his plea, was mentally competent, and was entering into the plea knowingly, freely, and voluntarily. (*Id.* at 98).

The record flatly contradicts petitioner's assertions in this ground, and petitioner has not shown the state courts erred in denying him relief. *See* 28 U.S.C. § 2254(e).

### C. Actual Innocence

In his third ground, petitioner avers he is actually innocent of the DWI offense. A free-standing actual innocence claim is not cognizable on federal habeas review. *See Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993). The only time the federal habeas corpus court can consider an actual innocence claim is when the petitioner is attempting to have the Court review on the merits an otherwise procedurally barred claim. *See Schlup v. Delo*, 513 U.S. 298, 314, 115 S.Ct. 851, 860, 130 L.Ed.2d 808 (1995).

Mr. Mayes's actual innocence claim is a free-standing claim for relief, and, as such, it is not cognizable. *See Herrera*, 506 U.S. at 400, 113 S.Ct. at 860. Petitioner presents no argument of a procedural error qualifying him for the narrow exception set forth in *Schlup*. *See Schlup*, 513 U.S. at 314, 115 S.Ct. at 860. Petitioner's claim that he was innocent of the charges is an argument available to and known by him at the time he pled guilty.[4]

Furthermore, petitioner never contends he is factually innocent. Rather, he explains he was outside his vehicle when the police officer approached him and consequently "there was no evidence that applicant ever operated a motor vehicle while intoxicated." (Memo in Support, doc. 4, at 15-16). This contention, directed at the legal sufficiency of the evidence, and not his factual innocence has no basis in federal habeas. *See Bousley v. U.S.*, 523 U.S. 614, 615, 118 S.Ct. 1604, 1607, 140

---

[4] In his own pleadings to this Court, petitioner admits was driving his truck on the evening in question and slid into the ditch because of "poor road conditions." (Memo in Support, doc. 4, pg. 4). He then discusses how he and a passer-by were attempting to free the truck when the police officer arrived. In a later pleading, petitioner states he was "an extremely intoxicated man (BAC 0.21, 3 times the legal limit)" when speaking with the police officer at the scene that night. ("Petitioner's Supplement to §2254 Writ of Habeas Corpus," doc. 12, pg. 2 (Feb. 4, 2013)). At the time he pled guilty, petitioner confirmed, "I am pleading guilty in this case because I am criminally responsible for the offense charged." (SHCR at 103).

L.Ed.2d 828 (1998) ("Actual innocence means factual innocence, not mere legal insufficiency").

### D. Ineffective Assistance of Counsel

In his fourth ground, petitioner contends he received ineffective assistance of counsel because his attorney (i) failed to investigate whether petitioner's prior Colorado convictions were available for enhancement of the Texas DWI offense; (ii) allowed the trial court to so enhance the Texas offense; (iii) failed to put the State's case through adversarial testing by not objecting to the fact that no one saw petitioner physically operating the vehicle while intoxicated; and (iv) failed to file a motion to suppress statements petitioner made to the police officer that he had been convicted of the Colorado offenses.

The proper standard for judging a petitioner's contention he is entitled to relief on the ground his trial counsel rendered ineffective assistance is enunciated in *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Under the two-pronged *Strickland* standard, a petitioner must show defense counsel's performance was both deficient and prejudicial. *Id.* at 687, 104 S.Ct. at 2064. An attorney's performance was deficient if the attorney made errors so serious he or she was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution. *Id.*, 104 S.Ct. at 2064. That is, counsel's performance must have fallen below the standards of reasonably competent representation as determined by the norms of the profession. A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption counsel's performance falls within the wide range of reasonable professional assistance. *Id.* at 689, 104 S.Ct. at 2065.

Additionally, a petitioner must show counsel's deficient performance prejudiced the defense. To establish this prong, a petitioner must show counsel's errors were so serious as to deprive

petitioner of a fair trial. *Id.* at 687, 104 S.Ct. at 2064. Specifically, in the context of a case where the petitioner contends ineffective assistance of counsel led him to improvidently accept a guilty plea, the petitioner demonstrates prejudice by showing "there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

    1. Deficient Performance Regarding use of the Prior Convictions for Enhancement

Petitioner's main allegation is that counsel failed to investigate and challenge the availability of his prior Colorado convictions for enhancement of his Texas DWI offense. In response to petitioner's state habeas corpus application, his trial attorney filed an affidavit, which was attached to the State's response. In the affidavit, petitioner's trial attorney discussed her identification of this issue and research of whether the Colorado convictions could be used to enhance the Texas offense. (SHCR at 76). After discussing her research, counsel concluded,

> both a "per se" DWI (like the first of the two misdemeanor DWI convictions pled in Applicant's indictment) and the 'driving with ability impaired' DWI (like the second of the two DWI convictions) would be considered by a Texas court of being susceptible for use as prior convictions for purposes of establishing felony jurisdiction.

(*Id.*). Counsel's research and conclusions were later validated by a Texas appellate court which concluded, albeit in a different case:

> The fact that Colorado recognizes different degrees of impairment through its DUI and DWAI laws does not mean a person "impaired" for purposes of the DWAI statute is not "intoxicated" for the purposes of the Texas Penal Code. *See Dougherty v. Brackett*, 51 B.R. 987, 989 (Bankr.D.Colo. 1985) (concluding that "various degrees of intoxication" defined by Colorado's DUI and DWAI statute are "all legal intoxication" within meaning of bankruptcy code). Further, absent a [breath alcohol content finding] the evidence sufficient to prove in Colorado that a person is impaired under the DWAI statute is almost identical to that sufficient to prove intoxication due to the loss of the normal use of physical and mental faculties in Texas. Accordingly, circumstances resulting in a conviction for DWAI in Colorado

are encompassed within the statutory definition of "intoxication" in the Texas Penal Code.

*State v. Christensen*, No. 05-10-00940-CR, 2011 WL 2176656, at *7 (Tex. App.—Dallas, June 6, 2011, pet. ref'd). Not only did counsel research the issue, but counsel also appears to have been correct in her determinations regarding this issue. Moreover, petitioner indicated his awareness of and agreed the Colorado convictions could be used for enhancement in the signed plea agreement. (SHCR at 95-98).

Even if the Court were to agree with petitioner's contention that the Colorado convictions should not have been used to enhance the Texas offense, such would not establish ineffectiveness on the part of petitioner's trial attorney. Counsel researched the issue, flatly contradicting petitioner's contention otherwise. Counsel also indicated that she "informed [Mr. Mayes] about the results of my research on [prior Colorado] DWI convictions during one of the several conferences he and I held leading up to the guilty plea hearing." (*Id.* at 78). This statement is supported by petitioner's own signed statements during the plea process. (*Id.* at 95-98). Counsel's determinations regarding the potential enhancement based upon the Colorado convictions was clearly identified and thoroughly researched. Counsel was not deficient but rather made reasoned conclusions based upon research in an uncertain area of law. *See Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Petitioner has failed to demonstrate deficient performance rising to the level of a constitutional violation.

2. Deficient Performance Regarding Testing the Strength of the State's Case

Petitioner next contends counsel was ineffective because counsel failed to test the strength of the State's case. In her affidavit, trial counsel explained,

> The evidence in this case was more than sufficient to secure Applicant's conviction on the felony DWI. There was more than sufficient evidence to establish that Applicant drove his pick-up while intoxicated, simply because the citizen who pulled

> Applicant out of the ditch and interacted with him was prepared to testify that he saw Applicant behind the wheel of the pick-up and that, in his opinion, he smelled strongly of alcohol and exhibited signs of intoxication. The anticipated testimony of the two police officers at the scene would have also addressed the issues of identity, driving and signs of intoxication.

(SHCR at 80). Counsel indicated, "I too believed that the evidence was more than sufficient to convict [Mr. Mayes] on the indicated charge of DWI." (*Id.*). Given the strength of the State's case, the attorney opined that petitioner should "'cut his losses' and accept the five-year offer. Applicant was provided more than adequate time to consider all of these factors and in the end he informed me that he desired to accept the five-year offer." (*Id.*).

This is a short summary of counsel's detailed comments in her affidavit regarding the facts of the case and the strength of the State's case against petitioner. (*See* SHCR at 73-81). Counsel was actively engaged in her advocacy of the case, and the decision to plead guilty and not test the State's case at trial before a jury was the result of petitioner's own reasoned and informed decision. (*See id.* at 103 (petitioner stating "I am pleading guilty in this case because I am criminally responsible for the offense charged"). Petitioner has not shown how his trial attorney was deficient.

### 3. Deficient Performance Regarding Failing to File a Motion to Suppress

Petitioner finally contends trial counsel was ineffective for failing to file a motion to suppress. Before petitioner was arrested, the police officer asked petitioner if he was the same Toby Mayes who had been convicted of the two Colorado offenses, to which petitioner responded that he was. (SHCR 77). Petitioner contends counsel should have filed a motion to suppress these statements. Counsel stated in her affidavit, however, "[t]here was no factual basis to file a suppression motion because there was ample evidence to support probable cause to arrest. Filing a motion to suppress for the reasons espoused by Applicant would have been a futile exercise." (*Id.*

80-81).

Counsel's decision to not file a motion to suppress was strategic and is consequently "virtually unchallengeable." *See Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066. Moreover, based upon the information in the record, counsel's conclusion about the futility of the motion is correct. The Supreme Court has held that traffic stops during which police officers ask drivers a modest number of questions and perform simple sobriety tests at a location visible to passing motorists are not "custodial" for purposes of the *Miranda* rule; therefore statements made in response to such questioning were, in all probability, admissible. *Pennsylvania v. Bruder*, 488 U.S. 9, 9-11, 109 S.Ct. 205, 205-07, 102 L.Ed.2d 172 (1988). Petitioner has not shown the questioning in his case was so onerous or excessive that it constituted a custodial interrogation, thus petitioner's admission identifying himself as the same person arrested in Colorado was most likely admissible. Any motion to suppress would have been futile and counsel was not deficient for failing to file a futile motion. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (stating trial counsel's failure to file a motion to suppress evidence did not constitute deficient performance under Strickland because "[c]ounsel is not required by the Sixth Amendment to file meritless motions"). Further, it does not appear that petitioner had the option of both accepting the plea bargain and challenging the admissibility of his statements. *See infra* discussion in section D 4. Petitioner has not shown any deficiency by his trial attorney.

### 4. Petitioner Has Not Shown Prejudice

Even if petitioner had shown any deficient performance on the part of his trial attorney, he remains unable to demonstrate prejudice. Petitioner was indicted with two jurisdictional enhancements (the two Colorado convictions) and two felony habitual offender enhancements.

Petitioner had what his trial attorney described as an "extensive, lengthy criminal history." (SHCR at 79). According to counsel, she informed petitioner,

> if he and I elected to contest the DWI prosecution and put the State to the test of proving up the case-in-chief and the two misdemeanor convictions, and further assuming that the State indeed proved up everything alleged in the indictment, then he would be looking at some very drastic punishment with minimum confinement in prison for a period of twenty-five years and a maximum term of ninety-nine years confinement or life in prison.

(SHCR at 79). Counsel also conveyed to petitioner the State's position that it intended to seek "much more than the statutory minimum punishment of twenty-five years confinement." (*Id.*). Faced with these options, petitioner decided he wished to plead guilty in exchange for a five-year sentence. (*Id.* at 80).

Petitioner has failed to show that, given his criminal history and facing a *minimum* of twenty-five years, he would have rejected the State's offer for five years. Petitioner's argument is based upon his assumption that, had counsel prevented the court from enhancing his conviction, he would have insisted on going to trial for a misdemeanor. As discussed above, this assumption is speculative and inaccurate. Petitioner has failed to demonstrate prejudice. *See Hill*, 474 U.S. at 59, 106 S.Ct. at 370.

## V.
## CONCLUSION

The record not only shows petitioner did not receive ineffective assistance, but shows counsel did a thorough and effective job. It appears the option petitioner wanted was to be able to challenge the prior Colorado convictions and, if unsuccessful, still be able to enter into a plea bargain for five (5) years. Petitioner has not shown that option was ever available. All relief should be denied.

VI.
RECOMMENDATION

Petitioner has failed to present any cognizable or meritorious claim warranting federal habeas corpus relief.  Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner TOBY JAY MAYES be DENIED.

VII.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this   23rd   day of October, 2014.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).